<div style="float:left">WILCOX<br>
<i>v.</i><br>
HENDERSON.</div>

---

SAME CASE, AT THE MAY TERM, 1844, ON OBJECTION TO THE REPORT OF THE AUDITORS.

SLIDELL, C. J.  After the expression of opinion by the former Supreme Court, as to the legal principles controlling the controversy, the case was referred to auditors.  They have reported a balance of $2159 64, as due to *Henderson* by Mrs. *Wilcox.*  To this report objections have been made by both parties.  These will be briefly noticed.  On the part of Mrs. *Wilcox,* it is objected, 1st : "That the auditors erred in not charging *Henderson* with the sum of $2748 81, the portion of the crop of 1841, belonging to Mrs. *Wilcox,* and made after the death of *Mussenden,* who died in the month of June of that year."  The point has already been determined adversely to her, and the court sees no reason to change the conclusion.  2d.  " That if the entire crop of 1841, is given to *Henderson,* there is error in not making him responsible for the use of the capital of Mrs. *Wilcox,* (her plantation and slaves,) used in making the crop."  Even if this pretension be well founded, Mrs. *Wilcox* has not furnished evidence which would enable the court to assess an allowance for wages

---

* This opinion having been delivered, an order referring to auditors was made.—REP.

of slaves (whose subsistence has been paid for out of the crops,) or rent of the land; that the court is not disposed under the circumstances to remand the cause for evidence which she should have produced, and thus protract this acrimonious litigation, which has already lasted many years, and in which there has been abundant opportunity for both parties to bring forward all material evidence. 3d. "The auditors erred in not charging *Henderson* with the judgment of $3125, with interest rendered on account of the *Doyal* note, and also the judgment of the lower court now on appeal, condemning *Henderson* to pay damages for restraining an execution issued upon the said judgment." We will make an equitable provision in this respect by our decree in this cause. 4th. "The creditor erred in not placing to the debit of Mr. *Henderson*, the sum of $823 61, the amount of the drafts drawn on *W. & J. Montgomery*, in March 1842." This objection is founded on a misapprehension. The auditors have made the deduction.

On the part of *Henderson* it is objected:

1st. "That Mrs. *Wilcox* should be charged with two notes of $800 and $600, held by the branches of the Carrollton and City Banks, and taken up by *Henderson*." These grow out of transactions of the community, and the reasons for not holding Mrs. *Wilcox* for the transactions of the community, have been stated in our former opinion. 2d. "That there should have been a credit of $500 in favor of *Henderson*, for that amount paid Mr. *Lacey*, the attorney of Mrs. *Wilcox*." This sum is credited in the judgment in the injunction case. 3d. That Mrs. *Wilcox* should be charged with $4059 64, being alleged amounts of a list of notes and accounts said to have been "received by *Wilcox* as due to the estate of *Mussenden*, for collection. The evidence does not show a right to such relief.

It is therefore decreed, that the judgment of the District Court be reversed; and it is further decreed, that the said *Stephen Henderson* recover of the said *Caroline E. Henderson*, wife of *Whitman Wilcox*, the sum of $2159 64, with interest from the date of this decree, until paid, and costs in both courts, incurred subsequent to the date of the order of reference to arbitrators, but with leave to said *Caroline* to arrest the execution of this judgment by duly entering a credit for its amount upon the judgments obtained by her against said *Henderson*, by the decree of the District Court in the case of *Wilcox and Husband* v. *Henderson*, on the 28th day of January, 1843, and by the decree of said District Court in the case of *Henderson* v. *Wilcox*, No. 170, in which the execution of said judgment was enjoined.

It is ordered, that the decree in this case, on the 5th inst., be amended by adding thereto the following:

It is further decreed, that the sum of $100 be allowed to the auditors, *Thomas Allen Clarke* and *Lewis L. Kerr*, by this court appointed, for their services herein, and the said sum be paid one-half by the said Mrs. *Wilcox* and one-half by the said *Henderson*; and that the sum of $500 allowed by the court below, as a compensation to the arbitrators or auditors, Messrs. *White* and *Sherbourn*, be paid one-half by said Mrs. *Wilcox*, and one-half by said *Henderson*.